UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBY E. KETSCHAU, | CASE NO. 3:24-cv-05760-DGE |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON TACOMA et al., | |
| Defendants. | |

Presently before the Court is pro se Plaintiff Ruby Ketschau's complaint, which she categorizes as a "Petition for Review, Writ of Certiorari, Mandamus Prohibition, Notice of Motion and Support of Motion for Summary Judgment." (Dkt. No. 6.) Plaintiff has also filed an "Ex Parte Emergency Motion." (Dkt. No. 9.)

Plaintiff contends that her complaint raises a matter of "national significance" and that she has been deliberately deprived of life, liberty, and property in connection with three court cases, two of which were filed in this district and one which was apparently a divorce action filed in the Pierce County Superior Court. (Dkt. No. 6. at 2–3.) The precise nature of Plaintiff's cause

ORDER DISMISSING CASE - 1

of action is difficult to ascertain from the complaint. Plaintiff presents lengthy arguments, which are difficult to understand, and has attached hundreds of pages of documents to her complaint. However, construing Plaintiff's complaint liberally, Plaintiff's cause of action appears to be based on dissatisfaction with various court rulings. *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (A pro se complaint must be liberally construed, since a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

With respect to the case originating in the Pierce County Superior Court, Plaintiff has not, in the present action, named as defendants either the presiding judge or any other parties in that case. Even had she done so, to the extent Plaintiff seeks review of a state court decision, the Court would likely not have jurisdiction over Plaintiff's claims under the *Rooker–Feldman* doctrine. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

> A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.

*Id.* at 1155. Plaintiff has not cited a basis upon which the Court would have jurisdiction over her state court claims. Even if she had, any claims against the judge in the state court case would likely be barred on judicial immunity grounds, as discussed in more detail below.

Plaintiff's complaint also contains grievances related to two cases she previously filed in this district: *Ketschau v. Derek Byrne et al*, 3:19-cv-05973-RBL and *Ketschau v. United States of America et al*, 3:21-cv-05757-BHS. Plaintiff contends she endured pain and suffering due to a "deliberate and deceptive departure from the ordinary standard of care" by the judges in these cases. (Dkt. No. 6 at 3–4.) Plaintiff contends the judges involved in these actions dismissed both cases because they were "motivated by racial animus" and "hostility" towards Plaintiff "based on the perception of race." (*Id.* at 4.)

In *Ketschau v. Derek Byrne et al*, 3:19-cv-05973-RBL, Plaintiff filed, on October 11, 2019, a proposed complaint and a motion for leave to proceed in forma pauperis ("IFP"). (Dkt. No. 1.) On October 17, 2019, Judge Leighton found that Plaintiff's indigent status qualified her to proceed IFP, but nevertheless denied Plaintiff's IFP motion, finding that Plaintiff's proposed complaint did not state a plausible claim for relief. (Dkt. No. 2 at 3.) Judge Leighton noted the presence of numerous attachments to Plaintiff's proposed complaint which were "great in number but do not elucidate what her claim is about." (*Id.*) Judge Leighton was unable to ascertain from Plaintiff's complaint what happened to her or why her federal rights were violated and refused to "wade through a plethora of documents to stitch together a theory." (*Id.*) Judge Leighton ordered Plaintiff to either pay the filing fee or file an amended complaint within 30 days. (*Id.*)

Plaintiff filed a proposed amended complaint on November 20, 2019. (Dkt. No. 3.) On November 25, 2019, after reviewing Plaintiff's proposed amended complaint, Judge Leighton was still unable to determine the basis of Plaintiff's claims due to her "rambling, vague complaint" and again declined to grant her IFP status. (Dkt. No. 4 at 2.) Judge Leighton noted that much of the narrative of the complaint focused on an individual who was not named as a

defendant in the case.  (*Id.*)  Judge Leighton ordered Plaintiff to pay the filing fee within 30 days and advised Plaintiff that her case would be dismissed if she did not.  (*Id.* at 2.)  On January 8, 2020, Judge Leighton dismissed Plaintiff's case for failure to pay the filing fee.  (Dkt. No. 5.)

In *Ketschau v. United States of America et al*, 3:21-cv-05757-BHS, Plaintiff filed, on October 12, 2021, a proposed complaint and a motion for leave to proceed IFP.  (Dkt. No. 1.)  On November 18, 2021, United States Magistrate Judge David Christel issued an order dismissing Plaintiff's complaint without prejudice and granting her leave to amend.  (Dkt. No. 6.)  Judge Christel found Plaintiff's indigent status qualified her to proceed IFP, but again found Plaintiff's proposed complaint did not plausibly state a claim for relief.  (*Id.* at 3.)  Judge Christel again noted that Plaintiff attached hundreds of pages of documents to her proposed complaint, but found that neither Plaintiff's proposed complaint nor the documents helped clarify the nature of her claim.  (*Id.* at 4.)  Judge Christel ordered Plaintiff to file an amended complaint addressing these deficiencies no later than December 20, 2021, instructing Plaintiff to include the entirety of her claims in the amended complaint and to "refrain from attaching excessive documents" to the complaint.  (*Id.*)

Plaintiff did not file an amended complaint, but instead filed two motions.  (Dkt. Nos. 7, 8.)  In an order denying several of these motions, Judge Settle advised Plaintiff that, pursuant to the *Rooker–Feldman* doctrine, the Court "cannot and will not review or reverse decisions made in state court."  (Dkt. No. 9 at 2.)  Judge Settle further advised Plaintiff that the Court cannot review "the judgment of a different District Court Judge in a different case in this Court."  (*Id.* at 3.)  Plaintiff also filed a motion requesting the recusal of Judge Settle.  (Dkt. No. 10.)  Judge Settle denied the motion, and Chief Judge Martinez affirmed the denial.  (Dkt. Nos. 11, 12.)  On January 3, 2022, Judge Settle ordered Plaintiff to file an amended complaint addressing the

ORDER DISMISSING CASE - 4

deficiencies identified in Judge Christel's order within 15 days or Plaintiff's case would be dismissed without further notice. (Dkt. No. 9 at 2.)

On February 15, 2022, Judge Settle gave Plaintiff a final opportunity to file an amended complaint, ordering her to do so no later than February 25, 2022. (Dkt. No. 14.) Plaintiff did not do so, and Judge Settle issued an order dismissing Plaintiff's case on March 8, 2022. (Dkt. No. 15.)

In this case, Plaintiff has engaged in similar conduct, presenting lengthy arguments in support of her complaint, which are difficult to understand, and attaching hundreds of pages of documents, none of which substantiate her allegations of racial animus. Nor does the available record in these cases support Plaintiff's allegations of improper conduct by Judges Leighton, Settle, Christel, or Martinez.

Based on its review of the record, the Court finds it appropriate to dismiss this case. A federal court may dismiss a case sua sponte pursuant to Federal Rule Civil Procedure 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–308 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision). To the extent Plaintiff's complaint is comprehensible[1], it is frivolous, raises baseless allegations, and has not stated a claim upon which relief can be granted.

---

[1] Plaintiff's complaint is arguably also subject to dismissal for violation of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader

Plaintiff's claims are also barred by the doctrine of judicial immunity. "Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted). "Allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Id.*

Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, for the reasons discussed above, the Court finds amendment would be futile.

Plaintiff has also filed an "Ex Parte Emergency Motion". (Dkt. No. 9.) Plaintiff's motion is extremely difficult to understand, but appears to raise various grievances concerning the functioning of PACER and the manner in which the Clerk's office managed certain documents in this case. (*Id.* at 3–18.) To the extent the Court understands Plaintiff's motion, the Court finds no basis for granting relief on this basis, and is somewhat unclear concerning precisely what relief Plaintiff seeks.

---

is entitled to relief." The Ninth Circuit has held that dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.' " *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir.2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed.2010)).

Plaintiff also contends that she was "forced" to pay the filing fee in this case due to a "deliberate delay" in Judge Fricke ruling on her IFP application. (Dkt. No. 9 at 10–11.) "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Judge Fricke's decision concerning when to rule on Plaintiff's motion is entitled to absolute judicial immunity, and Plaintiff's motion is also denied on this basis. *Whitaker v. Eveland*, Case Nos. 1:12-cv-1088, 1090, 2013 WL 5740830, at *8 (W.D. Mich. Oct. 23, 2013) (collecting cases and noting the "universal rule in the federal courts of this country" that a judge "does not forfeit immunity by reason of delay in judicial proceedings."); *Sibley v. Macaluso*, 955 F.Supp.2d 57, 64 (D.D.C. 2013) ("Absolute judicial immunity bars these claims . . . because they originate from actions that fall squarely within the [] judges' judicial capacities: deciding when to rule on pending motions, ruling on pending motions, and dismissing a case.").

Accordingly, Plaintiff's complaint (Dkt. No. 6) is DISMISSED with prejudice and without leave to amend. Plaintiff's Ex Parte Emergency Motion (Dkt. No. 9) is DENIED.

Dated this 2nd day of December, 2024.

David G. Estudillo
United States District Judge